1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

RAPID DISPLAYS, INC., a
corporation; BRIAN GREENBURG,
an individual; OLD REPUBLIC
INSURANCE COMPANY, a
corporation; GALLAGHER
BASSETT SERVICES, INC.,

                                            Plaintiffs,

                        v.

FORD, WALKER, HAGGERTY &
BEHAR, LLP; KATHERINE M.
HARWOOD; DOES 1-100, inclusive,

                                            Defendants.

CASE NO. 16-cv-1703-WQH-JLB

ORDER

18

HAYES, Judge:

19

The matter before the Court is the Motion to Remand to State Court (ECF No.

20

9) filed by Plaintiffs Rapid Displays, Inc., Brian Breenburg, Old Republic Insurance

21

Company, and Gallagher Bassett Services, Inc. ("Plaintiffs").

22

## I. Introduction

23

On April 7, 2016, Plaintiffs commenced this action by filing a Complaint in San

24

Diego Superior Court. (ECF No. 1 at 2). On June 30, 2016, Ford, Walker, Haggerty

25

& Behar, LLP ("FWH&B") and Katherine M. Harwood, hereinafter referred to as

26

"Defendants," filed the Notice of Removal on the basis of diversity of citizenship

27
28

1   jurisdiction, pursuant to 28 U.S.C. § 1332.  *Id.* at 3.[1]  In the Notice of Removal,
2   Defendants list the citizenship of each partner of FWH&B and the citizenship of
3   Defendant Harwood.  *Id.* at 4-8.

4          On July 8, 2016, Plaintiffs filed a Demand for Trial by Jury pursuant to Federal
5   Rule of Civil Procedure 38(b)  (ECF No. 4).  On July 8, 2016, Defendants filed a
6   Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and a Motion
7   to Change Venue.  (ECF Nos. 5, 6).

8          On July 18, 2016, Plaintiffs filed an Amended Complaint with Jury Demand.
9   (ECF No. 7).  On July 20, 2016, the Court entered a minute order denying the Motion
10  to Dismiss and Motion to Change Venue as moot, pursuant to the filing of the Amended
11  Complaint.  (ECF No. 8).  On August 5, 2016, Defendants filed a Motion to Dismiss
12  pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]  (ECF No. 10).  On August 19,
13  2016, Defendants filed a Motion to Change Venue to the Central District of California.
14  (ECF No. 13).

15         On July 28, 2016, Plaintiffs filed the Motion to Remand to State Court.  (ECF
16  No. 9).  On August 11, 2016, Defendants filed a response.  (ECF No. 11).  On August
17  29, Plaintiffs filed a reply.  (ECF No. 15).

18  **II. Contentions of the Parties**

19         Plaintiffs contend that remand is appropriate because the matter was not
20  removable under the "forum defendant rule" set forth in 28 U.S.C. § 1441(b)(2).

21

22         [1] Defendants first attempted to remove this matter to the Southern District of
23  California on June 28, 2016, in Case No. 16-cv-1661-BAS-NLS.  On June 29, 2016
    Judge Cynthia Bashant found the Notice of Removal was deficient and remanded the
24  action to state court because "Defendants have failed to meet their burden of
    demonstrating there is complete diversity of citizenship, specifically in regards to
25  FWH&B."  (ECF No. 3 at 3).

26         [2] Defendants request that the Court rule on the Motion to Dismiss the First
    Amended Complaint before it addresses Plaintiffs' Motion to Remand.  (ECF No. 15
27  at 3, 6).  The Court addresses the Motion to Remand before the pending Motion to
    Dismiss and the pending Motion to Change Venue because "Article III generally
28  requires a federal court to satisfy itself of its jurisdiction over the subject matter before
    it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583
    (1999).

16cv1703-WQH-JLB

1  Plaintiffs contend that all Defendants, including each member of FWH&B, are citizens
2  of California – and therefore, a federal court in California does not have jurisdiction
3  over this action on the basis of diversity of citizenship jurisdiction.

4      Defendants contend that Plaintiffs have waived their right to remand "by taking
5  the following separate and unique, affirmative actions while this matter has been in
6  Federal Court: filing a First Amended Complaint that included a new Claim for Breach
7  of Fiduciary Duty and a Demand For Jury Trial."  (ECF No. 11 at 2).

8      Plaintiffs contend their Motion to Remand to State Court is timely, and that they
9  did not waive the right to seek timely remand of this action.  (ECF No. 15 at 5).
10  Plaintiffs contend that their post-removal "activity" in this case "does not evidence any
11  intent to acquiesce in the jurisdiction of the federal court."  *Id.* at 4.  Plaintiffs contend
12  they "filed their jury demand because, if they did not do so within 14 days of service
13  of the notice of remand [sic], they would forever forfeit their right to a trial by jury."
14  *Id.* at 4-5.  Plaintiffs contend that filing the First Amended Complaint did not waive
15  their right to remand because it was done "in order to avoid opposing Defendants'
16  original motion to dismiss."  *Id.* at 5.

17  **III. Forum Defendant Rule**

18      28 U.S.C. § 1441(b)(2) states that "A civil action otherwise removable solely on
19  the basis of the jurisdiction under section 1332(a) of this title may not be removed if
20  any of the parties in interest properly joined and served as defendants is a citizen of the
21  State in which such action is brought."  28 U.S.C. § 1441(b)(2).  This provision,
22  referred to by courts as the 'forum defendant rule,' "confines removal on the basis of
23  diversity jurisdiction to instances where no defendant is a citizen of the forum state."
24  *Lively v. Wild Oat Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006); *see also Spencer v.*
25  *U.S. Dist. Court for Northern Dist. Of Ca.*, 393 F.3d 867, 870 (9th Cir. 2004) (holding
26  that "the presence of a local defendant at the time removal is sought bars removal.").
27  The Court of Appeals has instructed that courts should "construe the removal statute
28  against removal jurisdiction."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

"The purpose of diversity jurisdiction, and the citizenship determinations associated with it, is to avoid the effects of prejudice against outsiders." *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1029 (9th Cir. 2009). The need to protect outsiders from local bias "is absent, however, in cases where the defendant is a citizen of the state in which the case is brought." *Lively*, 456 F.3d at 940. When determining diversity of citizenship jurisdiction, a limited liability company is treated as "a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Further, "[t]he forum defendant rule of 28 U.S.C. § 1441(b) is only applicable at the time a notice of removal is filed." *Spencer*, 393 F.3d at 871.

This action was commenced in San Diego Superior Court. (ECF No. 1 at 2). Removal to federal court was made solely on the basis of diversity of citizenship jurisdiction under 28 U.S.C. § 1332. *Id.* at 3. Defendants' Notice of Removal states that "Defendants are citizens of the State of California," and that FWH&B "is a limited liability corporation with a principal place of business in Los Angeles County, California." *Id.* at 4. Defendants list twenty partners of FWH&B, and state that all twenty partners are citizens of California. *Id.* at 4-8. Defendants state that Defendant Harwood is now a partner of FWH&B but was previously employed as an associate; at all times relevant to this action, Defendant Harwood was and remains a citizen of California. *Id.* at 4, 8.

"[A]t the time" the Notice of Removal was filed to remove this case from California state court to federal court, each partner of FWH&B and Defendant Harwood were citizens of California. *Spencer*, 393 F.3d at 871. Plaintiffs timely challenged removal by filing the Motion to Remand "within 30 days after the filing of the notice of removal[.]" 28 U.S.C. § 1447(c). This case was removed to federal court solely "on the basis of diversity jurisdiction," and Defendants "ha[ve] the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010). The Court

finds that the forum defendant rule set forth in section 1441(b)(2) applies to this action, and therefore it "may not be removed" to federal court.  28 U.S.C. § 1441(b)(2)

**IV. Waiver of Right to Remand**

The Court of Appeals has found that the forum defendant rule is a procedural rather than a jurisdictional requirement, so "a violation of this rule constitutes a waivable non-jurisdictional defect[.]"  *Lively*, 456 F.3d at 942.  The Court of Appeals held that the forum defendant rule, while waivable, is still "subject to the 30-day time limit imposed by § 1447(c)."  *Id.*  The court found that when the removal and remand statutes were amended in 1996, the drafters made clear that a violation of the forum defendant rule "is nevertheless subject to the 30-day limit" imposed by section 1447(c).  *Id.* at 939.  In *Lively*, the district court remanded the action based on the forum defendant rule – but the district court's sua sponte order remanding the action was made outside of the thirty-day time limit set forth in section 1447(c).  *Id.* at 936-37.  The Court of Appeals reversed, and found that the plaintiff had waived its right to remand the case on the basis of the forum defendant rule because the plaintiff did not file a timely motion to remand within thirty days of the action being removed.  *Id.* at 942.

In this case, Plaintiffs filed their motion to remand twenty-eight days after the Defendants filed the Notice of Removal, in compliance with the thirty-day requirement set forth in section 1447(c).  (ECF Nos. 1, 9).  Defendants contend that despite Plaintiffs' timely motion, Plaintiffs have engaged in conduct in federal court indicating they "ha[ve] acquiesced to the federal court's jurisdiction and waived objection to the removal."  (ECF No. 11 at 3).  Defendants contend that Plaintiffs' filing a Demand for Jury Trial constituted a waiver of Plaintiffs' right to timely remand this action.  *Id.*  Federal Rule of Civil Procedure 81(c) requires parties to file a demand for a jury trial "within 14 days after . . . it is served with a notice of removal filed by another party."  Fed. R. Civ. P. 81(c)(3)(B)(ii).  Plaintiffs filed the Demand for Jury Trial on July 8, 2016.  (ECF No. 4).  The Court finds that Plaintiffs have not waived their right to timely move to remand this action to state court by filing a Demand for Jury Trial pursuant to

Rule 81(c).  *See Owens v. General Dynamics Corp.*, 686 F. Supp. 827, 830-31 (S.D.
Cal. 1988) (finding that filing a Demand for Jury Trial did not waive the plaintiffs' right
to timely remove the action back to state court).

Defendants further contend that Plaintiffs' action of filing the First Amended
Complaint that added a new claim for relief constituted a waiver of Plaintiffs' right to
timely remand this action.  (ECF No. 11 at 3).  In *Moore*, the Supreme Court found that
a plaintiff who filed an amended complaint in federal court after removal had waived
the right to remand.  *In re Moore*, 209 U.S. 490, 496 (1908), *overruled on other
grounds by Ex parte Harding*, 219 U.S. 363 (1911).  However, the plaintiff in *Moore*
did not file a motion to remand until six months after the case had been removed to
federal court.  *Id.* at 494.  The Court found the plaintiff had waived its right to remand
because it had made "repeated recognitions of the jurisdiction" of the federal court by
entering into several stipulations, and by demonstrating that it "was willing that his
controversy with the defendant should be settled by a trial in that court."  *Id.* at 496.

Defendants rely on precedent from the Court of Appeals for the Sixth Circuit to
support the contention that "[e]ssentially, if the Plaintiff undertakes any form of
affirmative action in Federal Court within the 30 day period, it could be deemed to have
waived its right to seek a remand grounded on any defect in the removal process."
(ECF No. 11 at 3) (citing *Lanier v. American Bd. of Endodontics*, 843 F.2d 901, 904-05
(6th Cir. 1988)).  However, in *Lanier*, the Court found the plaintiff had waived the right
to timely remand the case back to state court after the plaintiff had "entered into
stipulations, filed requests for discovery, sought to amend her complaint, filed a new
lawsuit against the defendant in the federal court, demanded trial by jury, and proceeded
with discovery" in federal court.  843 F.2d at 905.

In contrast, Plaintiffs filed the Amended Complaint after Defendants had filed a
motion to dismiss.  Federal Rule of Civil Procedure 15(a) allows a plaintiff to amend
its complaint once as a matter of right within twenty-one days after serving it.  Plaintiffs
filed the Amended Complaint in federal court, with one additional cause of action, as

of right pursuant to Rule 15(a).[3]  The Court finds that Plaintiffs' actions do not demonstrate that they "consented to accept the jurisdiction of the United States court, and w[ere] willing that [their] controversy with the defendant should be settled by a trial in [federal] court." *Moore*, 209 U.S. at 496.[4]  Plaintiffs have not waived their right to remand this action to state court within the time limit provided by section 1447(c).

## V. Conclusion

IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand to State Court (ECF No. 9) is granted.  Pursuant to 28 U.S.C. § 1447(c), this action is remanded back to San Diego Superior Court, where it was originally filed and assigned the case number 37-02016-00011379-CU-BC-CTL.

DATED:  November 3, 2016

**WILLIAM Q. HAYES**
United States District Judge

---

[3] While Plaintiffs included one new cause of action for breach of fiduciary duty in the First Amended Complaint, they did not add a new party to the action.  *See Johnson v. Odeco Oil and Gas Co.* 864 F.2d 40, 42 (5th Cir. 1989) (finding that the plaintiff waived its right to remand when the plaintiff "amended his complaint in federal court to join additional defendants."); *Peace v. Estate of Sorensen*, No. CV08-2880-CAS (PLAx), 2008 WL 2676367, at *4-5 (C.D. Cal. June 30, 2008) (finding plaintiffs did not waive the right to remand by adding a new party in an amended complaint filed simultaneously with the motion to remand).

[4] Plaintiffs contend they filed the First Amended Complaint to "moot[] the motion to dismiss and ensur[e] that the motion to remand would be heard before this court made any substantive decisions on the merits." (ECF No. 15 at 5).